UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL LEE CASTILLA,<br>  # 572301<br>      **Plaintiff** | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action<br>No. SA-10-CA-724-XR (NN) |
| COUNTY OF BEXAR,<br>379TH DISTRICT COURT<br>   WARRANT OFFICERS/BAILIFFS/<br>   COURTROOM OFFICERS,<br>UNIVERSITY MEDICAL HEALTH<br>   CARE SYSTEMS/CLINIC,<br>BEXAR COUNTY DETENTION CENTER,<br><br>      **Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**SHOW CAUSE ORDER**

Before the Court is Plaintiff Michael Lee Castilla's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges on July 29, 2010, while Plaintiff was in a holding cell for the 379th District Court, metal ceiling tiles fell on Plaintiff's head and left arm, causing injuries. Plaintiff asserts warrant officers, bailiffs, and courtroom officers for the 379th District Court heard the crash and checked on Plaintiff. Plaintiff states he told them that metal tiles fell on him. According to Plaintiff, the courtroom officers never called for any medical assistance for Plaintiff, and they accused him of a crime, which was dismissed. Later that same day, Plaintiff asked for medical attention, but was denied by the University Health Services Clinic at the Bexar County Detention Center. Plaintiff claims Defendant Bexar County's faulty construction work on the building caused Plaintiff's injuries, Defendant warrant officers, bailiffs, and courtroom officers denied Plaintiff medical attention, and Defendant Bexar County Adult Detention Center denied Plaintiff medical attention for over two weeks.

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1.   Moreover, the Bexar County Adult Detention Center is a building and is not a separate jural

entity subject to suit in a § 1983 action, *see Darby v. Pasadena Police Department*, 939 F. 2d 311, 313 (5th Cir. 1991); therefore it is not a proper party to this suit. To establish liability on the part of Bexar County, Plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, *i.e.*, an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's Complaint fails to allege the requisite custom, practice, or policy, as a basis for liability against Bexar County.

2.      Plaintiff does not identify any individual defendant. Instead, he generally complains of warrant officers, bailiffs, and courtroom officers of the 379th District Court. Plaintiff does not identify any individuals he told about any injuries he received and about his need for medical treatment.

4.      It is not clear whether Plaintiff is a pretrial detainee or whether he has been convicted of an offense. If the former, the Fourteenth Amendment provides protection from punishment while in jail. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). If the latter, the Eighth Amendment provides protection from cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). Nevertheless, there is no significant difference between the two protections in this context. *Hare v. City of Corinth,*

*Miss.*, 74 F.3d 633, 648-49 (5th Cir. 1996).

To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991). A delay in providing medical care is not a violation of this constitutional right unless it is due to deliberate indifference and it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

Plaintiff does not specify any injuries he received as a result of falling ceiling tiles, and Plaintiff does not allege he told anyone he was injured. Plaintiff appears to state he received medical attention two weeks after the incident in the holding cell. He does not specify any injuries harm caused by a two-week delay in being given medical treatment.

5. Plaintiff does not allege how Bexar County is liable for construction work. He asserts construction work was faulty, so he appears to claim there was negligence. Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336 (1986). Plaintiff fails to allege that Bexar County intended to violate his constitutional rights through any construction work.

6. Inmates have an Eighth Amendment right to be free from conditions of confinement that impose an excessive risk to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994);

*Helling v. McKinney*, 509 U.S. 25, 31 (1993).  To show that this right has been violated, the inmate must show that the conditions posing a substantial risk of serious harm are so grave that it violates contemporary standards of decency to expose someone unwillingly to such a risk; and the inmate must show that the incarcerating officials knew of, but disregarded, an excessive risk to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. at 834.  The officials must have been aware of facts from which an inference could have been drawn that there was a substantial risk of serious harm, and the officials must have drawn that inference.  *Id*.  Plaintiff does not allege any official knew of, but disregarded, an excessive risk to Plaintiff's health or safety.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  **Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.**  If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order.  *See* Fed. R. Civ. P. 41(b).

**SIGNED** on September 10, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE