UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Michael Lee Castilla, § | | |
| BCADC #572301, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| County of Bexar, Texas, § | SA-10-CV-0724 XR (NN) | |
| 379th District Court Warrant Officers/ § | | |
| Bailiffs/Courtroom Officers, § | | |
| University Health System, § | | |
| Corporal James Downen, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

**TO:** **Honorable Xavier Rodriguez**
**United States District Judge**

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This case is an inmate civil rights case. The plaintiff inmate proceeded in forma pauperis (IFP). The case was assigned to me for pretrial proceedings. There is a motion to dismiss pending in this case,[1] but the district court need not reach the motion if it accepts the

---

[1] Docket entry # 17 (University Health System's motion asking for dismissal for failing to state a claim, and in the alternative, for summary judgment based on plaintiff's medical records).

reasoning underlying my recommendation.

**Dismissal under 28 U.S.C. § 1915A**. Under 28 U.S.C. § 1915A, the court must screen an inmate's complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[2] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[3] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[4] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[5] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity

---

[2] 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[3] *Se*e 28 U.S.C. § 1915A(b) )"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See also Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

to object to the recommendation is a fair process for dismissing a case.

**Nature of the case**. Plaintiff Michael Lee Castilla was a pretrial detainee confined at the Bexar County Jail (the Jail) at the time his allegations arose.[6] The conduct Castilla complained about occurred at the Bexar County Criminal Justice Center (the Courthouse). Castilla alleged that on July 28, 2010, metal ceiling tiles fell on him while he waited for a pretrial hearing in a Courthouse holding cell. Castilla brought the following claims: (1) a claim against Bexar County for faulty construction work on the Courthouse;[7] and (2) a claim against jail-detention officer Corporal Downen; unknown Bexar County warrant officers, bailiffs and courtroom officers working in the 379th Judicial District Court; and University Health System, for the denial of medical attention.[8]

**Castilla's claim about denial of medical attention**. Castilla did not identify the legal basis for his claims, but his allegations about the denial of medical attention suggests a civil rights lawsuit under 42 U.S.C. § 1983. As a pretrial detainee, Castilla was protected by the Fourteenth Amendment's guarantee of due process, which requires a local governmental entity "to provide…pretrial detainees…with basic human needs,

---

[6]Castilla has since been convicted and sentenced to 20 years in prison.

[7]Docket entry # 5 (responding to show-cause order and stating that Bexar County is liable for the construction of the Courthouse).

[8]Docket entry # 1.

3

including medical care…during their confinement…."[9] The court's analysis of a claim for the denial of medical attention begins by determining whether the detainee challenges a condition of his confinement or an episodic act or omission.[10]

**An episodic omission**. About medical attention, Castilla complained about an episodic omission. He complained that warrant officers, bailiffs and courtroom officers denied him medical attention on the day the ceiling tiles fell. He also complained that once he returned to the Jail, Corporal Downen and University Health System did not respond when he requested medical attention.[11] Castilla stated that despite completing a sick-call request, he was not seen by medical staff for two weeks.

In an episodic omission case, the applicable standard depends on whether the defendant is an individual or a governmental entity.[12] For an individual defendant like Corporal Downen and the unnamed warrant officers, bailiffs and courtroom officers, Castilla must prove the defendants acted with subjective deliberate indifference to

---

[9]*Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

[10]*See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (explaining that the standard applicable to a pretrial detainee's constitutional challenge depends on whether the challenge attacks a "condition of confinement" or an "episodic act or omission," and describing a "condition of confinement" case as an attack on general conditions, practices, rules, or restrictions of pretrial confinement).

[11]Docket entry # 2, p. 5 (complaining about Corporal Downen in response to court's show-cause order).

[12]*Hare*, 74 F.3d at 649 n.4.

4

prove a violation of his right to medical care during his pretrial detention.[13] "Subjective deliberate indifference means 'the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.'"[14]

Castilla did not allege that Downen and/or the unnamed warrant officers, bailiffs and courtroom officers had subjective knowledge of a substantial risk of serious harm to Castilla or that they responded with deliberate indifference to that risk. Instead, Castilla described a situation in which responding officers — the unnamed warrant officers, bailiffs and courtroom officers — suspected Castilla of tampering with the ceiling tiles in attempting to escape. In response to the court's show-cause order, Castilla alleged that although he asked the first officer who appeared on the scene for medical attention, he was quickly moved to a different holding cell and charged with escape.[15] After being magistrated, Castilla reported that he returned to the Jail and asked Downen "to call for medical attention and was denied."[16] Castilla stated that a later-shift detention guard called for medical attention and instructed him to complete a sick-call request.

---

[13] *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

[14] *Hare*, 74 F.3d at 650 (citation omitted).

[15] Docket entry # 5, p. 1-2.

[16] Docket entry # 5, p. 2.

Castilla did not allege that the unnamed warrant officers, bailiffs and courtroom officers, or Downen, knew he faced substantial risk of harm. Castilla asserted in his response to the show-cause order that the ceiling tiles caused a deep cut in his left forearm,[17] but nothing in Castilla's complaint or his response to the show-cause order suggests that even Castilla believed he faced a substantial risk of harm. Notably, Castilla's step-one grievance — completed on the day of the incident and attached to Castilla's response to the show-cause order — does not mention a deep cut on Castilla's left forearm. As a risk of harm, Castilla only recently suggested in response to University Health System's motion to dismiss that people have died from infection from untreated wounds.[18] Because the incidence of infection alone does not imply unconstitutional confinement conditions — "since any densely populated residence may be subject to outbreaks"[19] — the "possibility" of infection from an alleged untreated wound is insufficient to state a claim upon which relief may be granted. Castilla failed to state a claim against Corporal Downen, and unnamed Bexar County warrant officers, bailiffs and courtroom officers, because Castilla did not allege that he faced a substantial risk of serious harm or that these defendants had subjective

---

[17]Docket entry # 5, p. 1.

[18]Docket entry # 28, p. 3.

[19]*Shepherd v. Dallas Cnty.*, 591 F.3d 445, 454 (5th Cir. 2009) (making the point in a conditions of confinement case).

knowledge of a substantial risk of serious harm but responded with deliberate indifference to that risk.

To hold University Health System liable for the denial of medical attention, Castilla must show a University Health System employee's subjective indifference and that the University Health System employee's omission resulted from a policy or custom adopted or maintained with objective deliberate indifference to Castilla's constitutional rights.[20] To show that a University Health System employee acted with deliberate indifference, Castilla must show that the employee "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[21] Castilla's allegations show that he cannot make this showing. Instead of complaining he was not seen, his complaints were ignored, or he was intentionally treated incorrectly, Castilla complained about a delay in treatment. Castilla did not allege that a University Health System employee had subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to that risk. Nor did Castilla allege that a University Health System employee's omission resulted from a policy or custom adopted or maintained with objective deliberate indifference to Castilla's constitutional

---

[20]*See Olabisiomotosho*,185 F.3d at 526.

[21]*Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).

7

rights. For these reasons, Castilla failed to state a claim against University Health System.

**Castilla's complaint about faulty work**. Castilla's complaint about the faulty work of the Courthouse suggests a premises liability claim. Premises liability is a state-law cause of action, brought by a person who alleges to have been injured by a negligent condition of a property.[22] To the extent Castilla complains about negligence, negligence does not provide a basis for a civil rights claim.[23] In addition, the court lacks jurisdiction over a state-law claim in the absence of diversity of citizenship[24] or a federal question.[25]

---

[22]*See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (stating the elements of a premises liability claim: " (1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries").

[23]*See Daniels v. Williams*, 474 U.S. 327, 336 (1986) ("Petitioner alleges that he was injured by the negligence of…a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.").

[24]*See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States….").

[25]*See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Recommendation.** I recommend dismissing Castilla's claim for the denial of medical attention for failing to state a claim upon which relief may be granted. The court's show-cause order placed Castilla on notice about the deficiencies in his complaint. Castilla responded with additional factual details about his claim, but did not allege the defendants acted with deliberate indifference. If the court dismisses the denial-of-medical-attention claim, I recommend dismissing Castilla's premises liability claim. The Fifth Circuit general rule is "to dismiss state claims when the federal claims to which they are pendent are dismissed."[26] At the early stage of this case, there is no reason to exercise supplemental jurisdiction over the claim.[27] Without a federal claim, the court lacks original jurisdiction over the state-law claim. If the court dismisses this case, University Health System's motion to dismiss (docket entry # 17) will be moot. To the extent Castilla may complain about lack of notice that the court will consider dismissing this case, Castilla should consider this report and recommendation as notice and respond in accordance with the following instructions.

---

[26] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

[27] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[28] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[29] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[28] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[29] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

legal conclusions accepted by the district court.[30]

**SIGNED** on May 20, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[30]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).